1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA I. JIMENEZ, et al., | Case No.  1:15-cv-01259-TLN-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| BLUELINE RENTAL, LLC, et al., | (ECF Nos. 21, 24, 26) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiffs Maria I. Jimenez, Luis Andres Jimenez, Jose Luis Jimenez, Jr., Brando Luis Jimenez, Aellen Gema Jimenez, Aime Jasmine Jimenez, and Nimzy Hazel Jimenez' ("Plaintiffs") motion for leave to file an amended complaint, filed August 30, 2016.  Having considered the moving, opposition and reply papers, and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations.

## I.

## BACKGROUND

On or about July 29, 2013, a Ditch Witch SK 350 skid steer platform stand (hereafter "skid steer") and a second Toro Dingo TX-420 walk behind skid steer were delivered by Defendant Blueline Rental, LLC (formerly known as Volvo Ce Rents, Inc.) to a construction site at or near the Duck Slough overflow bridge where employees of Teichert Construction were working.  (Notice of Removal ¶ 4; Compl. ¶ 9.)  On or about July 30, 2016, Jose Luis Jimenez

1  (hereafter "Decedent"), a grade setter, was operating the walk behind skid steer at the
2  construction site when it came off of its track causing him to have to stop.  (Compl. ¶¶ 1, 10.)

3      While waiting for a repairman from Volvo Ce Rents to show up to repair the walk behind
4  skid steer, Decedent began operating the rented platform stand skid steer to clear dirt from under
5  the Duck Slough overflow bridge and grade the area to shore up the bridge abutments.  (Compl.
6  ¶ 10.)  Due to the height of the underside of the concrete bridge and the height of the platform
7  stand there was only 4' 8" of space for decedent to stand up and operate the skid steer while
8  under the bridge.  (Compl. ¶ 10.)  While moving with a load of dirt in the bucket under the
9  bridge, the loaded bucket dropped down and the rear of the skid steer tipped upward, pinning
10  Decedent's chest and neck between the skid steer controls and the underside of the bridge
11  resulting in his death.  (Compl. ¶ 10.)

12      On July 15, 2015, Plaintiffs filed the complaint in this action in the Superior Court of
13  California, County of Merced alleging claims for wrongful death and loss of consortium.  (ECF
14  No. 1 at 9-16.[1])  On August 14, 2015, Defendant Blueline Rental, LLC removed this action to the
15  Eastern District of California.  (ECF No. 1.)  On December 7, 2015, the pretrial scheduling order
16  issued in this action.  (ECF No. 15.)  Plaintiff filed a motion for leave to file an amended
17  complaint on August 26, 2016.  (ECF No. 19.)  On September 28, 2016, Defendant filed an
18  opposition to the motion.  (ECF No. 24.)  On October 5, 2016, Plaintiffs filed a reply.  (ECF No.
19  26.)

20                                  **II.**

21                          **LEGAL STANDARD**

22      Plaintiffs seek leave to file an amended complaint under Rule 15 of the Federal Rules of
23  Civil Procedure.  However, once the scheduling order has issued in the action amendment is
24  governed by Rule 16 of the Federal Rules of Civil Procedure.  Rule 16 provides that the schedule
25  may be modified only for good cause.  Fed. R. Civ. P. 16(b)(4).  Therefore, the moving party
26  must first demonstrate that good cause exists for the modification of the scheduling order and, if

27  _____
28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1  good cause is shown, the party must demonstrate that the proposed amendment is proper under

2  Rule 15.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.1992).

3        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

4  pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R.

5  Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent

6  of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P.

7  15(a)(2).

8        In determining whether to grant leave to amend, the court considers five factors: "(1) bad

9  faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

10  whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805,

11  808 (9th Cir. 2004).  The factors are not given equal weight and futility alone is sufficient to

12  justify the denial of a motion to amend.  Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240,

13  1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).  "[I]t is the consideration of prejudice

14  to the opposing party that carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc.,

15  316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the

16  remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to

17  amend."  Id.

18                                             **III.**

19                                        **DISCUSSION**

20        Plaintiffs seek to file an amended complaint adding a claim for strict product liability.

21  Defendant opposes the motion on the ground that Plaintiff has not shown that this new claim was

22  recently discovered and they would be prejudiced by granting the motion at this late date in the

23  proceedings.

24        **A.**      **Good Cause to Amend Scheduling Order**

25        While Plaintiff contends that the scheduling order did not set a date by which to amend

26  the complaint, the scheduling order provided that "[n]o joinder or amendments to the pleadings

27  is permitted without leave of the court, good cause having been shown."  Pretrial Scheduling

28  Order 1:23-25, ECF No. 15.)  The scheduling order was issued prior to Plaintiffs' request to file

                                               3

1   an amended complaint.  Therefore, Plaintiffs must show that good cause exists to amend their

2   complaint.

3       "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

4   seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot

5   reasonably be met despite the diligence of the party seeking the extension.' " Johnson, 975 F.2d

6   at 609 (citations omitted).  Further, carelessness is insufficient to demonstrate diligence and is

7   not a ground for relief.  Id.  If the party seeking to file an amended complaint does not

8   demonstrate diligence, the inquiry should end.  Id.

9       Plaintiffs do not address the good cause standard required by Rule 16 to allow

10  amendment of the complaint.  In their reply, Plaintiffs state that they sought a stipulation to

11  amend the complaint on June 9, 2016.  (ECF No. 26 at 2.)  Although Plaintiffs state that they

12  were not notified that Defendant would not stipulate until August 25, 2016, they have not shown

13  why they waited until the eve of the close of discovery to file their motion to amend the

14  complaint.  Plaintiffs were aware that the close of discovery and deadline for filing dispositive

15  motions was quickly approaching.  The Court finds it would be reasonable in these

16  circumstances, not having received an agreement to stipulate to amend the complaint, to file a

17  motion to amend shortly after making the request to stipulate.  Accordingly, the Court finds that

18  Plaintiffs have not shown good cause exists to amend the scheduling order in this instance and

19  recommends that Plaintiffs' motion for leave to file an amended complaint should be denied.

20      **B.    Amendment Pursuant to Rule 15**

21      Further, the Court finds that Plaintiffs have not demonstrated that the factors to be

22  considered under Rule 15 weigh in favor of granting amendment of the complaint.  Plaintiffs

23  argue that Defendant will suffer no prejudice if they are allowed to amend the complaint.

24  Defendant responds that Plaintiffs have exhibited undue delay in waiting until less than three

25  months before the close of discovery to file their motion to amend.[2]  Defendant also alleges that

26  severe prejudice will result because if the amendment is allowed it would need to file a cross

---

27  [2] The Court notes that Plaintiffs filed the motion to amend on August 30, 2016, and discovery in this action is set to
    close on October 25, 2016.  (ECF Nos. 17, 21.)  The motion to amend was filed with less than two months

28  remaining to conduct discovery in this action.

1  complaint against the manufacturer of the product and additional discovery would be required,

2  including expert discovery.

3         Plaintiffs have not previously filed an amended complaint in this action.   There is no

4  indication that leave to amend has been sought in bad faith and futility does not preclude

5  amendment of the complaint.

6         Without addressing when the new information was discovered, Plaintiffs make the

7  conclusory statement in their motion that they did not exhibit undue delay in bringing the motion

8  to amend the complaint.   Plaintiffs seek leave to amend the complaint because since filing the

9  complaint on July 15, 2015, they have discovered additional information regarding the design of

10  the equipment Decedent was operating at the time of his death.   Due to this new information,

11  Plaintiffs seek to add a claim for strict product liability against Defendant.   However, Plaintiffs

12  were aware of the product that was at issue in this action and the fact that decedent was using the

13  product at the time that the complaint in this action was filed on August 14, 2015.

14         The initial scheduling order, issued December 7, 2015, provided that all discovery in this

15  action was to be completed by August 11, 2016.   (ECF No. 15 at 2.)   On July 29, 2016, the

16  district judge granted the parties stipulation to extend the discovery deadline to October 25,

17  2016.   (ECF No. 17.)   According to Plaintiffs' reply, they were aware of the product liability

18  claim and need to amend the complaint on June 9, 2016, prior to the parties stipulating to extend

19  the discovery deadline in July 2016.   Yet Plaintiffs waited until August 26, 2016 to file their

20  motion to amend.   Plaintiffs argue that they requested that Defendant stipulate to the filing of the

21  amended complaint on June 9, 2016, but they were not notified until August that Defendant

22  refused to stipulate.   However, Plaintiffs were aware that the deadline for conducting discovery

23  was quickly approaching and received a stipulation to extend the discovery deadline to October

24  25, 2016.   Plaintiffs exhibited undue delay in failing to move for leave to amend the complaint

25  for almost eleven weeks given the impending deadlines in this action.

26         Further, while Plaintiffs argue that there is no prejudice to the opposing party by allowing

27  amendment of the complaint, as Defendant points out, discovery in this action is set to close in

28  several weeks.   While Plaintiffs reply that the parties have conducted little discovery in this

1   action and therefore there would be no prejudice to Defendant due to the amendment of the

2   complaint, Plaintiffs' new cause of action provides a different theory of liability that was not

3   raised in the initial complaint.  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

4   (9th Cir. 1990) (Where new claims set forth in the amended complaint would greatly alter the

5   nature of the litigation and would require defendants to undertake, at a late hour, an entirely new

6   course of defense, it is not fatal to a motion to amend, but is factor to be taken into

7   consideration.).

8          Plaintiffs seek to add a claim for strict product liability which would reasonably require

9   Defendant to conduct third party discovery into the design of the product to defend against the

10  claim.  Plaintiffs have filed this motion for leave to amend less than two months prior to the

11  deadline by which all discovery in this action must be completed.  A decision on the motion will

12  not be issued until after the deadline to conduct discovery has passed.  Defendant cannot

13  reasonably be expected to conduct discovery on this new claim prior to the discovery deadline in

14  this action.

15         Additionally, if leave to amend is granted, Defendant would seek to file a cross-

16  complaint against the manufacturer and would be precluded from doing so by the current

17  scheduling order.

18         Defendant has demonstrated that it would suffer prejudice should Plaintiff be granted

19  leave to file an amended complaint in this action.  See Parker v. Joe Lujan Enterprises, Inc., 848

20  F.2d 118, 121 (9th Cir. 1988) (Defendants would be substantially prejudiced by allowing

21  plaintiff to add new theory of products liability that the product was defective.  They would be

22  forced to prepare case for trial based on entirely different factual theory and conduct additional

23  discovery.)  The Court finds that Plaintiffs' undue delay in filing this motion for leave to file an

24  amended complaint and the prejudice to Defendant weighs against granting leave to amend in

25  this action.

26  / / /

27  / / /

28  / / /

**III.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' motion for leave to file an amended complaint be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2016**

UNITED STATES MAGISTRATE JUDGE